UNITED STATES of America,
Plaintiff-Appellee,

v.

Hoyt Albert GAULTNEY,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary Keith STEAGALD,
Defendant-Appellant.

Nos. 78-5329, 78-5416.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1981.

J. Richard Young, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant Steagald.

Albert M. Horn, Atlanta, Ga., for defendant-appellant Gaultney.

Robert A. Boas, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before THORNBERRY, CHARLES CLARK and KRAVITCH, Circuit Judges.

PER CURIAM:

On April 21, 1981, the Supreme Court reversed this court's affirmance of the judgments of conviction of Hoyt A. Gault-

ney and Gary K. Steagald for possessing cocaine in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 846 and the judgment of conviction of Gary K. Gaultney for unlawfully importing cocaine in violation of 21 U.S.C. § 952(a), and remanded this cause to this court for further proceedings consistent with its opinion, —— U.S. ——, 101 S.Ct. 1642, 68 L.Ed.2d 38.

The Court held that the warrant for the arrest of Richard Harrison "Ricky" Lyons did not authorize the initial search of the premises where incriminating evidence was seized. Information obtained in that search formed the basis for affidavits on which two other search warrants were issued. The subsequent warranted searches led to the discovery of still further incriminating evidence. The issue is now settled that an arrest warrant is not adequate to protect the fourth amendment interests of persons not named in the warrant when their homes are searched without their consent and in the absence of exigent circumstances.

The Court held that the government had waived its right to attempt to demonstrate that defendants had no reasonable expectation of privacy in the premises searched and that to render the searches in this case reasonable a search warrant was required, and thus a reversal was required. However, the Court did not remand to the district court with directions to vacate the convictions. Rather, the remand was to this court for further proceedings in accordance with the Court's opinion. Interpreting that mandate, we remand the cause to the district court with directions to vacate its judgments of convictions entered against Gaultney and Steagald and its order overruling the motion to suppress.

The opinion of the Supreme Court establishes that the warrantless search of the house on Lake Lanier was unconstitutional. Thus, any information obtained as a result of that search could not form the basis for an affidavit for a warrant to search. The affidavits disclose that such information was so used and thus the evidence obtained

by the warranted searches must similarly be suppressed. What is more difficult to determine is what effect the tainted information may have had on the remaining proof possessed or adduced by the government. For example: While at the house agents apprehended an armed man, James Albert Smith, who was indicted with but not tried with Gaultney and Steagald; Gaultney confessed to smuggling the cocaine into the United States concealed in brass table bases; and Steagald was connected by numerous sources with Rosen Import Company, Inc., and a Mill Street warehouse to which shipments of brass table bases and lamps from Colombia, South America, had been made. The district court should in the first instance determine whether all or any part of this or other proof is tainted by the constable's search blunder. We express no opinion on any such determination.

The judgments of convictions are vacated. The ruling of the district court on motions to suppress is vacated. The cause is remanded for further proceedings consistent with the opinion of the Supreme Court and this mandate.

VACATED and REMANDED.